**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted July 6, 2007[*]
Decided August 6, 2007

Before

**Hon.** FRANK H. EASTERBROOK, Chief Judge

**Hon.** MICHAEL S. KANNE, Circuit Judge

**Hon.** TERENCE T. EVANS, Circuit Judge

**No**. 07-1769

LUDMYLA SKORYCHENKO,
    *Plaintiff-Appellant,*

      **v.**

WOMEN'S COMMUNITY, JOHN M. SCHELLPFEFFER,
and ANDREW W. SCHMIDT,
    *Defendants-Appellees.*

Appeal from the United States District Court for the Western District of Wisconsin.

No. 06 C 78
John C. Shabaz, *Judge.*

**Order**

Last year we held that the complaint in this case sufficed to state a claim, and we remanded for further proceedings. No. 06-2164 (7th Cir. Nov. 1, 2006) (unpublished order). The district court then granted summary judgment for the defendants on the federal claims (dismissing state-law claims without prejudice),

---

[*] This successive appeal has been submitted to the original panel under Operating Procedure 6(b). After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

and plaintiff has appealed a second time.

All of the federal theories depend on plaintiff's contention that defendants discriminated against her on the basis of her Ukrainian national origin. To establish discrimination, plaintiff had to establish that other persons, similarly situated but of a different national origin, were treated better than she was. The district court concluded that a reasonable jury could not find discrimination on this record, and we agree. All of plaintiff's arguments boil down to contentions that she was entitled to one or another benefit. But the possibility that defendants made a mistake does not establish discrimination. Plaintiff's brief does not identify any similarly situated person of different national origin who received the benefits that plaintiff sought. Accordingly, the record would not permit a reasonable fact-finder to conclude that discrimination occurred.

Affirmed